**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SGO CORPORATION LIMITED,<br>88 Baker Street, W1U 6TQ London, UK,<br><br>       Plaintiff,<br><br>       v.<br><br>UNITED STATES DEPARTMENT OF<br>JUSTICE,<br>950 Constitution Ave., NW Washington, DC<br>20530-0001,<br><br>       Defendant. | Civil Action No. 1:26-CV-00847 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.      SGO Corporation Limited ("SGO") brings this action under the Freedom of Information Act, 5 U.S.C. § 552, as amended ("FOIA"), against the U.S. Department of Justice ("DOJ") for failing to make timely determinations and to disclose public records requested by SGO.

2.      On December 19, 2025, SGO submitted a FOIA request (the "FOIA Request") to DOJ's Criminal Division.  The FOIA Request seeks DOJ's disclosure of (a) communications and related materials in its possession concerning civil litigation between Smartmatic USA Corporation and Fox Corporation, Newsmax Media, Inc., Herring Networks, Inc., Michael J. Lindell, and My Pillow, Inc., and various of those entities' affiliates and employees; and (b) communications with any party or representative of any party to those civil lawsuits concerning criminal investigations and prosecutions related to SGO, Smartmatic USA Corporation, and/or their affiliates, parent companies, subsidiaries, current or former employees, or agents.

3.      More than twenty (20) business days have passed since DOJ received the FOIA

1

Request, and DOJ has failed to provide a substantive response to SGO's Request, any legally justifiable basis for its failure to respond, or any date by which it intends to respond.  Accordingly, SGO seeks declaratory relief establishing that DOJ has violated FOIA and an order requiring DOJ to provide SGO with all responsive records without further delay.

## PARTIES

5.    SGO is a company headquartered in the United Kingdom with its principal place of business at 88 Baker Street, W1U 6TQ London, UK.  It is the ultimate parent company of Smartmatic USA Corp., a Delaware corporation with a principal place of business in Boca Raton, Florida.

6.    DOJ is an agency of the United States Government within the meaning of 5 U.S.C. § 552(f)(1) having possession, custody, and control of records that SGO seeks under FOIA.  The principal address of the FOIA Unit of DOJ's Criminal Division is 950 Constitution Ave., NW Washington, DC 20530-0001.

## JURISDICTION AND VENUE

7.    This Court has jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

8.    Venue is proper in this Court under 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B) because DOJ is an agency of the United States Government and because FOIA provides for jurisdiction and venue in the District of Columbia over all FOIA actions.

9.    Because DOJ failed to timely produce the public records requested by SGO within the statutorily mandated time established by FOIA, SGO is deemed to have exhausted all administrative remedies under 5 U.S.C. § 552(a)(6)(C).  *See* 5 U.S.C. § 552(a)(6)(A)(i).

**STATUTORY BACKGROUND**

10.     FOIA requires all federal agencies to search for and disclose government records that are requested by a member of the public, subject to certain narrow exceptions. *See* 5 U.S.C. § 552(a)(3)(A), (C); *see also* 5 U.S.C. § 552(b)(1)-(b)(9). FOIA's "goal [is] 'broad disclosure'" of public records. *Milner v. Dep't of Navy*, 562 U.S. 562, 571 (2011) (quoting *U.S. Dep't of Just. v. Tax Analysts*, 492 U.S. 136, 151 (1989)).

11.     Compliance with FOIA's disclosure obligations upholds the values of government transparency and accountability. Federal agencies must respond to FOIA requests within twenty (20) business days after receipt by "the appropriate component of the agency, but in any event not later than ten days after the request is first received by any component of the agency that is designated in the agency's regulations under this section to receive requests under this section." 5 U.S.C. § 552(a)(6)(A)(ii). That twenty-day period can be tolled if the agency, within ten days of receiving the request, asks the requester for additional information or clarification. *Id*. The deadline may be extended an additional ten working days "[i]n unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). If the agency cannot process the request within that timeframe, the agency must notify the requester and provide the requester with the opportunity to limit the scope of its request or arrange an alternative timeframe. 5 U.S.C. § 552(a)(6)(B)(ii).

12.     The agency's written response must state whether it will comply with the FOIA request, indicate the reasons for that determination, and provide information regarding the process by which a requester may appeal an agency's adverse determination. 5 U.S.C. § 552(a)(6)(A)(i).

13.     DOJ has promulgated regulations implementing FOIA, which are codified at 28 C.F.R. § 16, *et seq.* DOJ's regulations generally adopt FOIA's timing and responsiveness requirements.

3

14.    All administrative remedies are deemed exhausted due to an agency's failure to comply with FOIA's statutory time limits.  5 U.S.C. § 552(a)(6)(C)(i).

15.    Upon an agency's failure to meet its obligations under FOIA, a district court may order the production of those records responsive to the FOIA request.  5 U.S.C. § 552(a)(4)(B).

## FACTUAL BACKGROUND

16.    Smartmatic USA Corp. is an election technology and software company.  During the 2020 U.S. election, Smartmatic USA Corp. provided election technology, support, and services to Los Angeles County.

17.    Smartmatic USA Corp., SGO, and other SGO affiliates have asserted defamation and related claims against Fox Corporation and various of its affiliates and employees, Newsmax Media, Inc., Herring Networks, Inc., Michael J. Lindell, and My Pillow, Inc., arising from those defendants' publication of false statements concerning Smartmatic's involvement in the 2020 U.S. election.  *See Smartmatic USA Corp. v. Fox Corp.*, Index No. 151136/2021 (Sup Ct., N.Y. Cty.); *Smartmatic USA Corp. v. Newsmax Media, Inc.*, No. N21C-11-028 (Del. Super. Ct.); *Smartmatic USA Corp. v. Lindell*, No. 22-CV-00098 (D. Minn.); *Smartmatic USA Corp. v. Herring Networks, Inc.*, No. 21-CV-02900 (D.D.C.).  All of those actions are ongoing.

18.    On information and belief, SGO and Smartmatic USA Corp. believe that the DOJ has communicated with Fox Corporation, Newsmax Media, Inc., Herring Networks, Inc., Michael J. Lindell, and My Pillow, Inc., and/or their representatives, concerning those litigations and/or concerning criminal investigations and prosecutions related to SGO, Smartmatic USA Corporation, and/or their affiliates, parent companies, subsidiaries, current or former employees, or agents.

4

**SGO'S REQUESTS**

19.    On December 19, 2025, SGO, acting through counsel, submitted its FOIA Request to the DOJ Criminal Division's FOIA/Privacy Act (PA) Unit, seeking DOJ's communications and related materials concerning the litigations, investigations, and prosecutions referenced above.  A true and correct copy of SGO's FOIA Request is attached hereto as **Exhibit A**.  The FOIA Request was directed to DOJ's Chief of the FOIA/PA Unit, in accordance with guidance on DOJ's website, https://www.justice.gov/oip/make-foia-request-doj (last visited Mar. 9, 2026).

20.    On January 22, 2026, DOJ's FOIA/PA Unit sent undersigned counsel a letter acknowledging receipt of the FOIA Request and assigning Request No. CRM-302390789 to the request.  A true and correct copy of that letter is attached hereto as **Exhibit B**.  The letter did not provide any substantive response to the request, did not state whether DOJ intends to provide documents in response to the request, and did not even notify SGO of the date by which the processing of its request is expected to be completed.  Instead, DOJ stated only that its processing of the request was delayed "due to a lapse in funding appropriations from October 1, 2025, through November 12, 2025"—a lapse that ended over a *month* before SGO submitted its FOIA Request.

21.    On January 23, 2026, SGO, through counsel, responded to the January 22 letter and asked that the FOIA/PA Unit provide the specific date by which processing of the FOIA Request can be expected to be completed, as required under DOJ's FOIA Regulations.  *See* **Exhibit C** (citing 28 CFR § 16.5(c) ("Whenever the statutory time limit for processing a request cannot be met because of 'unusual circumstances,' as defined in the FOIA, and the component extends the time limit on that basis, the component shall, before expiration of the 20-day period to respond, notify the requester in writing of the unusual circumstances involved and of the date by which processing of the request can be expected to be completed.").

22.     To date, DOJ has not responded to that communication, has not provided SGO with any additional information regarding the status of the FOIA Request, has not produced the records requested through the FOIA Request, has not stated whether it would produce any particular requested document, and has not claimed any exemption from disclosure.  As of the filing of this Complaint, eighty-one (81) days (or fifty-one (51) business days) have passed since SGO submitted its FOIA Request.

23.     The DOJ has not provided any explanation that "exceptional circumstances" justify giving DOJ additional time to respond to the FOIA Request.  *See* 5 U.S.C. § 552(a)(6)(C)(ii).  DOJ has at no point claimed that any one of the nine exceptions to FOIA requests contained in 5 U.S.C. § 552(b) apply to the FOIA Request.

### COUNT I: VIOLATION OF FOIA (5 U.S.C. § 552)

24.     SGO incorporates all previous allegations contained in paragraphs 1 through 23 of this Complaint as if each such allegation was set forth herein in its entirety.

25.     DOJ violated 5 U.S.C. § 552(a)(6)(A)(i)-(ii) by failing to make a determination regarding the FOIA Request within the governing statutory time limit.

26.     DOJ violated 5 U.S.C. § 552 by failing to produce records responsive to the FOIA Request within the governing statutory time limit.

27.     Injunctive relief is authorized under 5 U.S.C. § 552(a)(4)(B) because DOJ continues to improperly withhold agency records, in whole or in part, in violation of FOIA.  SGO will suffer irreparable injury from, and have no adequate remedy for, DOJ's illegal withholding of public records subject to its FOIA Request.

28.     Declaratory relief is authorized under 28 U.S.C. § 2201 because an actual and justiciable controversy exists regarding DOJ's improper withholding of agency records in violation of FOIA.

## PRAYER FOR RELIEF

**WHEREFORE,** SGO respectfully requests the following relief:

1.      A declaratory judgment that DOJ has improperly withheld the requested records under FOIA;

2.      A finding that DOJ's failure to comply with its obligations under FOIA has harmed SGO;

3.      An order directing DOJ to immediately and without further delay respond and produce the requested documents;

4.      Costs and reasonable attorneys' fees under 5 U.S.C. § 552(a)(4)(E); and

5.      Any other relief that the Court deems appropriate.

DATED: March 10, 2026                        Respectfully Submitted,


                                             */s/ Ryan P. Martin-Patterson*
                                             Ryan P. Martin-Patterson
                                             (D.C. Bar No. 1722378)
                                             **ALSTON & BIRD LLP**
                                             950 F Street NW
                                             Washington, DC 20004
                                             Telephone: (202) 239-3038
                                             Fax: (202) 239-3333
                                             Ryan.Martin-Patterson@alston.com

7